NOONAN, Circuit Judge,
dissenting:
Debt collectors have never been popular. Nonetheless they perform a necessary societal function. The Federal Reserve estimates that in the United States today unpaid consumer debts amount to over two and one-half trillion dollars. http://www. federalreserve.gov/realeases/g19/Current/. If debts are not paid, credit will dry up. To keep our debt-prone society functioning, we must respect the rights of the debt collector.
The statute at issue here is precise. The text is set out in the majority opinion. After setting out the text, the majority ignores it to create a statute more to its taste.
The text itself forbids “a debt collector” to “communicate, in connection with the collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.” The critical verb is “communicate.”
The majority supposes that a debt collection letter addressed to a debtor at his place of employment is a communication made to an indefinite number of persons in the employer’s business: Mickell “knew or could reasonably anticipate that a letter sent to a class member’s employer might be opened and read by someone other than the debtor.” This flat factual statement is offered by the majority without reference to any authority. Is there a general rule that letters to a person in care of the person’s employer will be opened? Nothing in my experience suggests that such is the rule or common practice in the United States. The majority invents a custom to confirm its conclusion.
It is additionally doubtful that a letter addressed to A but opened by B can be described as a communication to B. Communications are purposeful. What is written to be read by A is not a communication to B.
*1037 A comparison of the majority’s holding in this case with what the majority cites from the Staff Commentary of the Federal Trade Commission illustrates how far the majority departs from any existing authority in its ban on collection letters in care of a business address. The majority completes its case by endorsing a reductio ad absurdum offered by Evon: What would prevent a collector from sending a collection letter in care of a parent or neighbor? The answer is: common sense. When business practice defects from common sense, it will be time to take seriously the majority’s hypothetical.
The defective class. The majority reverses the district court and holds Evon to be an adequate representative of a class of allegedly abused debtors. The class is comprised of persons like Evon who have been sent collection letters in care of their employers. They have no better case than Evon. The class has not been injured.
Attorney’s fees. As a corollary of reversing the judgment of the district court, the majority invites it to enhance the award of attorney fees. As a corollary of my dissent, I conclude that remand on this point is unnecessary.
Reassignment. The majority acknowledges that unusual circumstances justifying reassignment to a different district judge rarely exist, but nonetheless make the reassignment here, taking the trial judge to task for his comments on the character of this lawsuit. I cannot join in this reassignment or in the assessment of the care exercised by the district judge.